

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 8260

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Mag. Case No. |
| ) | |
| Plaintiff, ) | COMPLAINT FOR VIOLATION OF: |
| ) | |
| v. ) | Title 8, U.S.C., Section 1326 |
| ) | Deported Alien Found In the United States |
| Rogelio TORRES-Barba, ) | |
| ) | |
| ) | |
| Defendant. ) | |

The undersigned complainant, being duly sworn, states:

On or about March 21, 2008, within the Southern District of California, defendant Rogelio TORRES-Barba, an alien, who previously had been excluded, deported, and removed from the United States to Mexico was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States code, section 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
Senior Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 24th DAY OF MARCH 2008.

_____
PETER C. LEWIS
United States Magistrate Judge

I, Senior Border Patrol Agent Richard Ramirez declare under penalty of Perjury, the following is true and correct:

# PROBABLE CAUSE STATEMENT

The complaint states that this complaint is based upon statements in the investigative reports by the apprehending agent, Border Patrol Agent G. Ramirez that on March 21, 2008, the defendant, a native and citizen of Mexico, was apprehended near Calexico, California, as he entered the United States approximately 10 miles west of the Calexico, California west Port of Entry.

BPA G. Ramirez was performing his assigned duties approximately 10 miles west of Calexico, California, and encountered an illegal alien later identified as TORRES-Barba, Rogelio. BPA G. Ramirez identified himself as a United States Border Patrol Agent and conducted a field interview regarding TORRES' citizenship. TORRES stated he was a citizen of Mexico without any immigration documents allowing him to be in, work or remain in the United States legally. TORRES was placed under arrest and transported to the El Centro Border Patrol Station for processing.

Record checks revealed an Immigration Judge had previously ordered TORRES deported/removed to Mexico from the United States on August 07, 1997. Records checks further revealed TORRES has an extensive criminal record.

At approximately 0915 hrs. Agent Van Zee witnessed Agent Lopez advise TORRES his rights as per Miranda. TORRES stated he understood his rights and agreed to answer questions without the presence of an attorney. TORRES stated he was a citizen of Mexico and his intentions were to work in the state of Idaho. TORRES stated he has previously been deported from the United States and did not seek permission from the Attorney General to re-enter the United States after having been previously deported.

There is no evidence TORRES has sought or received permission from the Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States.

Executed on March 22, 2008 at 1300.

_Senior Border Patrol Agent_

On the basis of the facts presented in the probable cause statement consisting of 1 page, I find Probable cause to believe that the defendant named in this probable cause statement committed the offense on March 21, 2008 in violation of Title 8, United States Code 1326.

_____
William McMurine, Jr.
United States Magistrate Judge

3/22/2008    1300
Date/Time